## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHOON'S DESIGN LLC,

               Plaintiff,

      v.

AYSUM LIFE *et al.*,

               Defendants.

Case No. 2:24-cv-13321-FKB-APP

Hon. F. Kay Behm
Mag. Anthony P. Patti

## OPINION AND ORDER GRANTING CHOON'S DESIGN'S
## MOTION FOR A PRELIMINARY INJUNCTION (ECF NO. 25)

This is a patent and trademark infringement case in which Plaintiff Choon's Design LLC ("Choon's Design") alleges that dozens of online sellers from China, identified by their ecommerce store names in Exhibit 1 to the Complaint (ECF No. 1-2) (collectively, "Defendants"), are flooding the online marketplace with rubber band crafting kits that infringe Choon's Design's patents and Rainbow Loom® brand.

Presently before the Court is Choon's Design's motion for a preliminary injunction. ECF No. 25. In its motion, Choon's Design seeks the same injunctive relief as the Court previously granted in a temporary restraining order. ECF No. 16. Defendants JUHAO and YYOODS have filed a response in opposition to Choon's Design's motion (collectively, "Responding Defendants"). ECF No. 33. The Court

1

held a hearing on May 22, 2025. For the reasons stated in this opinion and order, the Court **GRANTS** Choon's Design's motion for a preliminary injunction.

## I.    RELEVANT PROCEDURAL HISTORY

Choon's Design filed this case on December 12, 2024, alleging that Defendants infringe Choon's Design's patents and Rainbow Loom® brand in connection with online sales of rubber band crafting kits. ECF No. 1. Defendants, who Choon's Design believes are individuals and businesses from China, comprise dozens of online sellers identified by their ecommerce store names in Exhibit 1 to the Complaint. ECF No. 1-2.

On April 14, 2025, the Court issued an opinion and order granting Choon's Design's ex parte motion for a temporary restraining order, along with Choon's Design's ex parte motions to temporarily seal and for expedited discovery and alternative service, all of which Choon's Design filed simultaneously with the Complaint. ECF No. 16. On April 28, 2025, the Court granted Choon's Design's motion to extend the temporary restraining order by fourteen days. ECF No. 21. The Court issued similar orders extending the temporary restraining order on May 8, 2025 and May 27, 2025. ECF Nos. 27, 37.

On May 2, 2025, Choon's Design filed its instant motion, asking the Court convert the temporary restraining order under Federal Rule of Civil Procedure 65(b) into a preliminary injunction under Federal Rule of Civil Procedure 65(a). ECF No.

25. On May 20, 2025, Responding Defendants filed a response in opposition to Choon's Design's motion. ECF No. 33. The Court held a hearing on May 22, 2025 and only counsel for Responding Defendants appeared. Following the hearing, Choon's Design and Responding Defendants met and conferred with the Court's Special Master Christopher G. Darrow in an effort to narrow the disputed issues raised by Responding Defendants in their response to Choon's Design's motion. As a result, Choon's Design and Responding Defendants were able to reach an agreement on the issuance of a preliminary injunction. In particular, Choon's Design and Responding Defendants have agreed to an order that contains the same terms and thus grants the same injunctive relief as the temporary restraining order.

## II.    PRELIMINARY INJUNCTION

In accordance with the agreement between Choon's Design and Responding Defendants on the issuance of a preliminary injunction, and given the lack of a response by the remaining Defendants, the Court **GRANTS** Choon's Design's motion for a preliminary injunction for the same reasons that the Court granted Choon's Design's motion for a temporary restraining order. *See* ECF No. 16.

The Court hereby **ORDERS**:

1) Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, are preliminarily enjoined and restrained from:

3

    a. Continuing their trade in the accused mini-loom kits;

    b. Accessing their online merchant and payment accounts connected with the allegedly infringing products; and

    c. Making, using, selling, offering for sale, importing or advertising, directly or indirectly in the United States, any product identified in **Annex 1**.

2) Defendants shall preserve and maintain the current status of their online merchant and payment accounts connected with the accused mini-loom kits.

## III. OUTSTANDING ASSET RESTRAINT ISSUE

In reaching the agreement on the issuance of a preliminary injunction, Choon's Design and Responding Defendants have resolved all but one disputed issue raised by Responding Defendants in their response to Choon's Design's motion. Although the Court otherwise granted Choon's Design's motion for a temporary restraining order, the Court denied Choon's Design's motion, in part, as to its request for an asset restraint. ECF No. 16, PageID.649-651. The outstanding issue is whether Choon's Design should be able to enjoy what Responding Defendants believe is an unauthorized *de facto* asset restraint imposed by Amazon.

Notably, Responding Defendants do not object to any particular terms of the previous temporary restraining order, and, by extension, the present preliminary

4

injunction. Instead, Responding Defendants take issue with the manner in which Amazon has responded to the temporary restraining order. Without further elaboration, Responding Defendants describe the asset restraint imposed by Amazon as "the hold on the funds in Defendants' accounts" and as "the unauthorized asset restraint currently in place on Amazon." ECF No. 33, PageID.916-917. Given the Court's previous finding that Choon's Design is not entitled to an asset restraint, Responding Defendants ask the Court to intervene by issuing an order that would get Amazon to "release the asset restraint on Defendants' accounts" so that "Defendants' funds are no longer restrained." *Id.*, PageID.917. Specifically, Responding Defendants seek either (a) an order directed to Choon's Design requiring it to instruct Amazon to release the asset restraint or (b) an order directed to Amazon requiring it to release the asset restraint. *Id.* As explained at the hearing, Choon's Design, for its part, does not dispute that Amazon has imposed an asset restraint. However, Choon's Design appears to challenge the Court's previous finding that Choon's Design is not entitled to an asset restraint. On this point, the Court notes that it raised the asset restraint issue *sua sponte*. As set forth in the Court's opinion and order, this was because Choon's Design only presented authority for an asset restraint in the context of its Lanham Act claims, but the Court found that Choon's Design has only demonstrated a strong likelihood of success on the merits of its patent infringement claims. ECF No. 16, PageID.649-651.

Ultimately, the Court need not address the asset restraint issue in detail at the present time. Because Responding Defendants do not object to any particular terms, the Court will proceed with the issuance of a preliminary injunction that contains the same terms as the temporary restraining order. However, in anticipation that Amazon will respond to the preliminary injunction in the same manner as the temporary restraining order, the Court will issue the preliminary injunction without prejudice to Defendants moving for appropriate relief consistent with the Court's previous finding that Choon's Design is not entitled to an asset restraint. To the extent Defendants file any such motion, and Choon's Design opposes any such motion on the grounds that it is entitled to an asset restraint, Defendants and Choon's Design shall fully brief the asset restraint issue consistent with the Court's previous finding that Choon's Design has only demonstrated a strong likelihood of success on the merits of its patent infringement claims.

**SO ORDERED.**

Dated: June 9, 2025                          s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge